IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Steven Knudson and Hallie Knudson, ) | Civil Action No. 2:22-cv-04509-RMG |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Zillow, Inc., ) | |
| ) | |
| Defendant. ) | |

This matter comes before the Court on Plaintiff Steven and Hallie Knudson's motion to remand. (Dkt. No. 6). For the reasons set forth below, the Court grants Plaintiffs' motion. (Dkt. No. 6).

I. **Background**

On November 9, 2022, Plaintiff filed a civil action against Defendants in the Court of Common Pleas for Charleston County, South Carolina, as Case No. 2022-CP-10-05168. (Dkt. No. 1-1). Defendant was served with a copy of the Summons and Complaint on November 14, 2022. (Dkt. No. 1 at 8). Defendant removed the case to this Court on December 14, 2022, claiming the existence of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (*Id.* ¶5). Plaintiffs' complaint asserts state law claims for negligence, breach of contract, breach of contract accompanied by a fraudulent act, a violation of the South Carolina Unfair Trade Practices Act, and seeks punitive damages.

On January 12, 2023, Plaintiff filed a timely motion to remand the case to state court alleging the court lacks diversity jurisdiction because the amount in controversy has not been met. (Dkt. No. 6). Plaintiff indicated they would not seek an amount above $30,000.00. (*Id.* at 2).

1

Defendant filed a response in opposition to Plaintiffs' motion to remand. (Dkt. No. 7). On February 24, 2023, the Court entered a text order instructing Plaintiffs to file a supplement to the motion that stipulates the amount in controversy does not exceed $75,000.000 exclusive of costs and interests and that Plaintiffs would not seek to recover or execute the collection of any amount beyond the principal declared. (Dkt. No. 9). On March 3, 2023, Plaintiffs filed a stipulation that the amount in controversy does not exceed $75,000.00 exclusive of costs and interests and that Plaintiffs would not seek to recover or collect any amount above that amount. (Dkt. No. 10).

### II. **Legal Standard**

As the party seeking to invoke the court's jurisdiction after removing a case from state court to federal court, the defendant has the burden of proving jurisdiction upon a plaintiff's motion to remand. *Dixon v. Coburg Dairy, Inc.*, 369 F. 3d 811, 816 (4th Cir. 2004) (citing *Mulcahey v. Columbia Organic Chems. Co.*, 29 F. 3d 148, 151 (4th Cir. 1994)); *see Caterpillar Inc. v. Lewis*, 519 U.S. 61, 73, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996) (stating that the party seeking to remove a case from state court to federal court bears the burden of demonstrating that jurisdiction is proper at the time the petition for removal is filed). In deciding a motion to remand, the federal court should construe removal jurisdiction strictly in favor of state court jurisdiction. *Id.* "If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey*, 29 F. 3d at 151 (citations omitted), *Pohto v. Allstate Ins. Co.*, No. 10-2654, 2011 WL 2670000, at *1 (D.S.C. July 7, 2011) ("Because federal courts are forums of limited jurisdiction, any doubt as to whether a case belongs in federal or state court should be resolved in favor of state court.").

### III. **Analysis**

The complaint seeks actual and punitive damages but does not specify a damages amount. (Dkt. No. 1-1). Plaintiffs move to remand this case to state court on the ground the amount in controversy has not been meet. (Dkt. No. 6). On March 3, 2023, Plaintiffs filed a post-removal

stipulation of damages, which stipulates that the amount in controversy for this matter does not exceed the sum or value of $75,000.00 exclusive of costs and interests as required by 28 U.S.C. § 1332 and that Plaintiff will not seek to recover or collect any amount above that amount. (Dkt. No. 10).

Defendant's response in opposition essentially argues that Plaintiffs in this removed action may not defeat diversity jurisdiction by filing a post-removal stipulation of damages less than the jurisdictional amount. (Dkt. No. 7). The Court will analyze whether the amount in controversy has been met. Courts generally determine the amount in controversy by examining the complaint at the time of commencement of the state court action and at the time of removal. *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010); *Brown v. VSC Fire & Sec., Inc.*, 2016 WL 1600126, at *2 (D.S.C. Apr. 20, 2016). "The Fourth Circuit has not adopted a rule regarding the burden of proof on the removing party for establishing the amount in controversy." *Clifton v. Allen*, No. 9:17-CV-02920-DCN, 2018 WL 3095026, at *2 (D.S.C. June 22, 2018) (quoting *Carter v. Bridgestone Americas, Inc.,* 2013 WL 3946233, at *1–2 (D.S.C. July 31, 2013)) (citing *Rota v. Consolidation Coal Co.*, 1999 WL 183873, at *1 n. 4 (4th Cir. Apr. 5, 1999)) (expressly declining to adopt any particular standard of proof for determining the amount in controversy). Regardless, "courts within the District of South Carolina have leaned towards requiring defendants in this position to show either to a 'legal certainty' or at least within a 'reasonable probability' that the amount in controversy has been satisfied." *Id.* (quoting *Brooks v. GAF Materials Corp.*, 532 F. Supp. 2d 779, 781–82 (D.S.C. 2008)).

The Fourth Circuit has adopted a general rule regarding the effect of post-removal stipulations on the propriety of removal where the amount in controversy is plainly stated in the complaint. In situations where the amount in controversy is plainly and unambiguously stated in

3

the complaint, "'[e]vents occurring subsequent' to the filing of the complaint 'which reduce the amount recoverable below the statutory limit do not oust jurisdiction.'" *JTH Tax, Inc.*, 624 F. 3d at 638 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 292, 58 S.Ct. 586, 82 L.Ed. 845 (1938)).  In other words, under *St. Paul Mercury*, a plaintiff may not reduce or change his or her demand for damages by way of stipulation to defeat diversity jurisdiction once an amount has been stated.  *See Porsche Cars N. Am., Inc. v. Porsche.net,* 302 F.3d 248, 255–56 (4th Cir. 2002) ("[A] court determines the existence of diversity jurisdiction at the time the action is filed, regardless of later changes in originally crucial facts such as the parties' citizenship or the amount in controversy." (citation and internal quotations marks omitted)); *Griffin v. Holmes,* 843 F. Supp. 81, 87 (E.D.N.C. 1993) ("[T]he plaintiff ... may not defeat diversity jurisdiction by filing a post-removal amendment of the complaint which reduces the amount of damages requested by the complaint below the amount in controversy required by 28 U.S.C. § 1332(a).")

However, the Fourth Circuit has not opined on the effect of a post-removal stipulation, as is the case here, where the initial complaint does not specify an amount.  There is guidance on this issue from the U.S. Court of Appeals for the Fifth Circuit and other federal district courts within the Fourth, Fifth, and Sixth Circuits.  Various jurisdictions have found that "a post-removal stipulation that damages will not exceed the jurisdictional minimum can be considered as a clarification of an ambiguous complaint, rather than a post-removal amendment of the plaintiff's complaint." *Carter,* 2013 WL 3946233, at *1–2; *see also Gebbia v. Wal–Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (asserting that post-removal affidavits and stipulations may be considered in determining the amount in controversy only if the jurisdictional basis was ambiguous at the time of removal); *see also Ferguson v. Wal–Mart Stores, Inc.*, 1994 WL 653479, at *2 (D.S.C. Nov. 15, 1994) (remanding case when the plaintiff alleged an unspecified amount of

4

damages and then filed a post-removal stipulation clarifying that the amount of damages sought was below the jurisdictional amount); *Gwyn v. Wal–Mart Stores, Inc.,* 955 F. Supp. 44, 46 (M.D.N.C. 1996) (when presented with indeterminate claims, "the court may consider a stipulation filed by the plaintiff that the claim does not exceed" the jurisdictional amount). This use of clarification is permitted, rather than forbidden, under *St. Paul Mercury*. *See Walker v. Poland*, 2009 WL 5195762, at *1–2 (D.S.C. Dec. 22, 2009); *Tommie v. Orkin, Inc.*, 2009 WL 2148101, at *1–2 (D.S.C. July 15, 2009).

Upon a review of the complaint, the Court notes that Plaintiffs did not specify an amount of damages. (Dkt. No. 1-1). Therefore, the Court interprets Plaintiffs' post-removal stipulation of damages as a clarification of damages they seek. *Stanley v. Auto-Owners Ins. Co.*, 423 F. Supp.3d 225, 229 (D.S.C. 2019); *Ferguson v. Wal-Mart Stores, Inc.*, No. 94-2696, 1994 WL 653479, at * 2 (D.S.C. Nov. 15, 1994); *Gwyn v. Wal-Mart Stores, Inc.*, 955 F. Supp. 44, 46 (M.D.N.C. 1996). Plaintiffs' stipulation states that the amount in controversy in this matter does not exceed $75,000.00 exclusive of costs and interests and that Plaintiff will not seek to recover or collect any amount above that amount. (Dkt. No. 10). The Court finds the Plaintiffs' stipulation is binding and Plaintiffs may not recover an amount that exceeds $75,000.00 in damages, exclusive of costs and interests. *Stanley*, 423 F. Supp. 3d at 231; *Cox v. Willhite Seed, Inc.*, Civil Action No. 1:13-cv-028930JMC, 2014 WL 6816990, at * 2 (D.S.C. Dec. 4, 2014). As the Court finds the threshold jurisdictional amount in controversy for diversity jurisdiction has not been met, it therefore lacks jurisdiction over this case and will remand the case to the Circuit Court of Charleston County, South Carolina.

**IV.  Conclusion**

For the reasons stated above, Plaintiffs' motion to remand (Dkt. No. 6) is **GRANTED**. The Court **REMANDS** this action to the Circuit Court of Charleston County, South Carolina.

**AND IT IS SO ORDERED**.

s/ Richard Mark Gergel
United States District Judge

March 22, 2023
Charleston, South Carolina